**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE LEONARD HEARNS, Jr., | No. 16-15261 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00408-BAM |
| v. | |
| KELLEY HARRINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara A. McAuliffe, Magistrate Judge, Presiding[**]

Submitted December 14, 2016[***]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Clarence Leonard Hearns, Jr., a California state prisoner, appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Hearns consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a First Amendment access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Hearns's action because Hearns failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 348-49, 352-53 (1996) (an access-to-courts claim requires a plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have a constitutional right to litigate claims challenging their sentence or conditions of confinement without interference from prison officials), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

**AFFIRMED.**